# APRIL TERM, 1860, AT DETROIT.

———◆———

### John Thomas and others v. Cyrus C. Dodge.

Where the owner of negotiable paper sells it, and accompanies the sale by a guaranty of collection endorsed thereon, it is not necessary to the validity of such guaranty that the name of the guarantee should appear in it.

A guaranty so given is not within the Statute of Frauds.

Where the amount of the note guaranteed is such that suit may be brought upon it either in a Justice's Court or in the Circuit Court, the condition of the guaranty of collection is complied with by obtaining judgment in Justice's Court, and making due endeavor to collect it by execution.

And, it is not necessary that a transcript of such judgment be filed in the Circuit Court, and execution against lands issued thereon, where it clearly appears that the judgment debtor has no real estate liable to execution.

A village lot and house, of less than fifteen hundred dollars value, occupied by the owner with his family, does not require any action on the part of the owner to render it exempt from execution.

*Heard January 6th. Decided April 6th.*

Case reserved from Ingham Circuit.

In November, 1856, one Davidson executed and delivered to defendant a promisory note for $200, payable eighteen months after date, to defendant or bearer. January 2, 1857, defendant sold this note to plaintiffs, and at the same time endorsed thereon the following guaranty: "I guarantee the collection of this note. January 2d, 1857. C. C. Dodge."

Plaintiffs, in October, 1858, put this note in judgment against Davidson, before a justice of the peace, and execution was afterwards issued on this judgment and returned unsatisfied. Plaintiffs then brought suit upon the guaranty.

The cause being tried by the Circuit Judge without a jury, the Judge found from the evidence that Davidson had no goods or chattels liable to execution, from the time the note came due until the return of the execution,

but that he was all that time owner of a house and lot in Lansing, worth $1,000, and was a householder occupying the same with his family, but had no other real estate.

The defendant objected on the trial to any evidence showing to whom such guaranty was made, and the same was taken subject to the objection. He also objected to a recovery,

*First,* That said guaranty is void and inoperative, because it does not show with whom the contract of guaranty was made; and that parol evidence showing that fact was inadmissible:

*Second,* That before plaintiffs are entitled to recover, they must exhaust their legal remedy against Davidson, which could only be done by procuring an execution against the real as well as the personal estate of Davidson.

And these objections the Circuit Judge reserved for the opinion of this court.

*J. W. Longyear,* for plaintiffs:

It was competent to show by parol with whom the contract of guaranty was made. —19 *Wend.* 565; 26 *Wend.* 436; 13 *Mass.* 158; 6 *Wend.* 637, 644.

A proper return of no property to the justice's execution made out a *prima facie* case against defendant. To defeat the action, defendant must show that the maker had real estate of some value liable to be sold on execution. —11 *Wend.* 629; 4 *Hill,* 650; 4 *Cow.* 173; 1 *Caines,* 437.

*O. M. Barnes,* for defendant:

1. The Statute of Frauds requiring the contract to be in writing, all the *essentials* of the contract must be in writing. And unless the name of the guarantee appears in the guaranty, or can be certainly ascertained by reference to the instrument guaranteed, the guaranty is void. — 1 *N. H.* 157; 5 *Esp.* 240; 4 *B. & P.* 253; 10 *Conn.* 192;

3 *Johns.* 419; 14 *Wend.* 231; 5 *Hill,* 145; 5 *Barb.* 503; 25 *Barb.* 625. To allow parol proof as to who was the guarantee, would allow that to rest in parol which the statute requires to be in writing. — See 1 *Greenl. Ev.*, §86; 4 *Seld.* 213.

2. It was necessary for plaintiffs to exhaust their legal remedies against the maker of the note, and this they have not done until they have had execution against the real as well as the personal estate. In case of a demand of this size, an execution against lands may reasonably be supposed to have been within the understanding of the parties at the time the contract was made. It can not be supposed that defendant meant to engage that Davidson should have goods and chattels enough alone to satisfy so large a debt.

For a construction of the language used in this guaranty, see 2 *Am. Lead. Cas.* 96 *to* 99; *Edw. on Bills,* 234 *to* 238; 1 *Wend.* 457; 19 *Johns.* 69; 13 *Wend.* 543; 14 *Wend.* 231; 4 *Cow.* 188.

3. Suit should have been immediately brought on the note when due, in order to comply with the conditions of the guaranty. — See 19 *Johns.* 69, *and cases above cited.*

CAMPBELL J.:

The first objection to the recovery by the plaintiffs is made upon the ground that, by omitting to name any person to whom the guaranty of collection was made, the contract failed to comply with the Statute of Frauds, which requires a writing.

There are many cases in which a liability may be created against a person for the debt of another, without mentioning the name of any creditor; the guarantor's proposition being in the nature of an open offer closed by acceptance of it. And Mr. Burge lays it down as a general proposition, that the name of the creditor to be secured may be established by parol. — *Burge on Suretyship,* 31, *citing Bate-*

*man v. Phillips*, 15 *East* 272. There would seem to be no good reason for holding such a guaranty as the one before us void, if it were held to come within the statute.

' But counsel have inadvertently overlooked the fact that when the owner of negotiable paper sells it, and accompanies the sale by a guaranty, his undertaking being founded on a new consideration enuring to his own benefit, and not to that of the maker of the note, has been held in this state to take the case out of the operation of the statute entirely. This was decided in *Jones v. Palmer*, 1 *Doug. Mich.* 379. The same doctrine has been long recognized in New York.—*Brown v. Curtiss*, 2 *Comst.* 225. See also a collection of cases in a note to the latter case, in 2 *Comst.* 588 : also *Brown on St. of Fr.*, § 165. And Parsons adopts the same views. — 2 *Pars. on Cont.* 306.

The guaranty being one of collection, and not of payment, it is claimed that the facts in the case do not establish the inability of the plaintiff to collect of the principal debtor.

It can hardly be contended that a guaranty of collection requires suit to be brought in' any particular one of several courts which have jurisdiction. The remedies differ in substance, as well as in form, in various tribunals. One moves more rapidly than another, and sometimes one may reach property beyond the process of another. It would, as it seems to us, be importing a new element into this contract to construe it as requiring a suit in a court of record.

A transcript may be filed of a justice's judgment for less than one hundred dollars, in order to reach real estate, as well as where the judgment exceeds one hundred dollars. And we see no very substantial reason why evidence that a transcript would be of no use for want of property, may not as well be allowed in one case as in the other. It was held in *Backus v. Shipherd*, 11 *Wend.* 629, that a transcript need not be filed where there is no real estate, and that the return of an execution unsatisfied is *prima facie* evidence of non-collectabillity of a debt within the exclusive

jurisdiction of a justice.    Whether the return would be *prima facie* evidence here of inability to collect, we do not decide, as the facts are found, and no such question is raised. But the law does not generally require useless proceedings, and we do not think any thing more than a justice's execution is necessary, where it appears that nothing can be reached.

The case of *Beecher v. Baldy*, 7 *Mich.* 488, decides that if a lot actually owned and occupied by a defendant in execution is worth less than fifteen hundred dollars, and is not greater in size than the law requires for exemption, it is exempt from execution without the necessity of any step on the part of the debtor.   The defendant in the justice's judgment having no other real estate but such an exempted homestead, a transcript would have furnished no means for reaching it, and would have been a needless expense.

Let it be certified to the Circuit Court for the County of Ingham, that the plaintiff is entitled to judgment upon the facts found.

MARTIN CH. J., and MANNING J., concurred.

CHRISTIANCY J., did not sit in this case.