## Joseph L. Huntington and another v. William Wellington.

*Statute of Frauds: representations as to credit, &c, of another : promise to answer for debt of another: interest in lands.—* Suit on a guaranty, not in writing, that certain notes sold by defendant to plaintiffs were good and collectable, and the makers responsible; and that the maker of a certain mortgage sold at the

HUNTINGTON v. WELLINGTON.

same time was responsible and able to pay; that the land mortgaged was ample security and the title perfect and unincumbered. Held, that the guaranty was not within the prohibitions of the Statute of Frauds, and was valid.

Such guaranty is not within the provision which exempts persons from being charged upon parol representations concerning the credit and ability of others ; as that is confined to cases where the representations form no part of a contract.

Nor is it an agreement to pay the debt of another, in the sense of the statute requiring such undertaking to be in writing. Where a guaranty is cotemporaneous, and made upon the same consideration with the original debt, or where it is made subsequently upon some new consideration of forbearance or otherwise, and is really a collateral promise to the undertaking of another, it must be in writing, or it is void. But where the guaranty of another's debt is merely incidental to a principal contract made by the guarantor himself, on his own account, it is regarded as, in effect, a promise to pay his own debt, and therefore need not be in writing.

The guaranty of the mortgage is not within the statute (§3177 *of Comp. Laws*), which provides that "no estate or interest in lands, except," &c., "nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared unless" "by deed or conveyance in writing," &c. It does not in any way affect the title to land, nor does it raise or affect any trust, power or authority in or over the land mortgaged. It is simply an undertaking that certain facts exist; and if inserted in a deed of conveyance, would be simply a personal covenant which would not run with the land.

*Submitted on briefs, July 17th. Decided, October 27th.*

Error to Eaton Circuit. The case is fully stated in the opinion.

*Barnes & Huntington* and *J. W. Longyear*, for plaintiffs in error.

*M. S. Brackett* and *I. S. Crane*, for defendant in error.

MANNING J.:

Plaintiffs had a judgment against one Hall, which they sold to defendant, and received in payment two promissory notes against one Mott, and a mortgage given by one Ryan. The declaration, which is in assumpsit, states that defendant represented and warranted that the promissory notes were good and collectable, and that Mott was pecuniarily responsible and able to pay them; also that Ryan was pecuniarly responsible and able to pay the mortgage, and that the mortgaged premises were worth more than

enough to pay the mortgage, and that they were unincumbered, &c. On the trial, parol evidence was offered to prove the representations and warranty. The evidence was objected to, and ruled out of the case by the Court; because it was not in writing. We are referred to several statutory provisions in support of the decision of the Court.

1st. Every special promise to answer for the debt, default, or misdoings of another person, is required to be in writing:—*Comp. L.* § 3183.

The promise here referred to is a collateral promise, made simultaneously with, or previous to, the promise creating the debt guaranteed by it; as when A. trusts B., not upon B's promise only, but upon his promise and that of a third person, as C., who, at the same time promises to pay A., in case B. fails to pay him. The statute has no reference to a separate, independent promise made subsequently to the creation of the debt, and for a new consideration. The two promises must have a simultaneous origin, and spring from the same root. In other words, they must be twin contracts. Where A. trusts B., and C. afterwards, for a new consideration moving from A., promises to pay what B. is owing him, if he cannot collect it of B., the undertaking is an original, independent contract, not within the statute. It is a guaranty of a pre-existing debt, and not a guaranty having its origin in the creation of the debt or duty guaranteed, which is the promise meant by the statute. The cases do not all agree, but such it seems to me is the principle to be deduced from them. When the promise has its origin in the creation of the debt or duty, the consideration that supports one supports the other. When it does not so originate, but is made subsequently, the consideration of the debt or duty will not support the promise, but there must be a new consideration to give it effect, and the promise is then said to be an original, independent promise, not within the statute:—*Farley v. Cleveland,* 4 *Cow.* 432; *same case,*

9 *Cow.* 639; *Chapin v. Merrill,* 4 *Wend.* 657; *Meach v. Smith,* 7 *Wend.* 315; *note to Brown v. Curtis,* 2 *Conn.* 553 (*case* 225); *Thomas v. Dodge,* 8 *Mich.* 51. There are cases within the statute that, at first view, seem to be the guaranty of a pre-existing debt, but in fact are not, but of a new promise. As where a creditor agrees with his debtor to give him time in consideration of security for payment at a future day. Such promise must be in writing. For the undertaking of the surety is the performance of the contract granting the extension, and not the payment of the original debt, which is merged in the new promise, and made the basis of a new debt to be paid at a future day.

2nd. No action shall be brought to charge any person, upon or by reason of any favorable representation or assurance made concerning the character, conduct, credit, ability, trade or dealings of any other person, unless such representation or assurance be made in writing, &c.:—*Comp. L.* § 3186 The representations and assurances here spoken of, are not representations or assurances made by a party to a contract, but by a third person, knowing them to be false, and making them for corrupt and dishonest purposes, to the injury of another. If one seeks information of another, with a view to some future action, and makes such information the basis of his action, and thereby sustains a loss, the statute will not permit him to allege the deception practiced on him by his informant, unless the information he acted on was in writing.

3rd. A warranty or representation that real estate is unincumbered, is not the creation, granting, assigning, surrendering, or declaring of any estate or interest in land, or of a trust or power over or concerning land, which the statute requires to be in writing:—*Comp. L.* § 3177. It is the warranty or representation of a fact, and not the creation or granting of a title or interest in land.

As the proposed evidence did not come within either

of these statutory provisions, the Court erred in refusing to receive it. The judgment, I think, should be reversed, and a new trial ordered.

### CAMPBELL J.:

This suit was brought on an alleged guaranty, that certain notes, sold by defendant to plaintiffs, were good and collectable, and the makers responsible, and that the maker of a certain mortgage, sold at the same time, was responsible and able to pay; that the land mortgaged was ample security, and the title perfect and unincumbered. The notes and mortgage were sold by Wellington to plaintiffs, in exchange for a judgment against one Hall, which they assigned to said Wellington.

The warranty was not in writing, and the testimony going to prove it was excluded by the Court below, as within the prohibition of the Statute of Frauds. And this exclusion is sought to be maintained:

1st. As within the law relating to promises to pay the debt of another: 2nd. As within the provision declaring that no one shall be charged by reason of any favorable representation or assurance made concerning the character, credit, ability, trade or dealings of any other person, unless the same shall be in writing, and signed: 3rd. As within the law requiring agreements for the transfer or charging of the title of lands to be in writing. I am of opinion that none of the statutes referred to apply to the case, and that the agreement is not within any prohibition of the Statute of Frauds.

The statute which exempts persons from being charged upon parol representations concerning the credit and ability of others, is confined to cases where the representations form no part of a contract. A distinction has always been taken between promises to answer for the debt of another, and mere false representations concerning his credit, which were not agreements. The statute covering these repre-

sentations was passed to remedy the defect existing in the Statute of Frauds, which permitted actions on verbal representations, while it prohibited actions on verbal promises. The two are entirely distinct, and the actions are different; the one being in assumpsit, and the other in case:—*Pasley v. Freeman*, 3 *T. R.* 51; *S. C.* 2 *Smith Lead. Cas.* 55 *and notes ; Browne St. of Frauds*, 181, 182.

The promise, or warranty, was not an agreement to pay the debt of another in the sense of the statute requiring such undertaking to be in writing. Where a guaranty is cotemporaneous, and made upon the same consideration with the original debt, or when it is made subsequently upon some new consideration of forbearance or otherwise, and is really a collateral promise to the undertaking of another, it must be in writing or it is void: — *Brown v. Hazen*, 11 *Mich.* 219 ; *Hall v. Soule*, 11 *Mich.* 494. But where the guaranty of another's debt is merely incidental to a principal contract made by the guarantor himself, on his own account, it is regarded as in effect a promise to pay his own debt, and therefore need not be in writing. It is unnecessary to consider what classes of contracts may be found involving this consequence, as the case before us is in all respects within decisions made by our own Courts.

Where the guaranty is made upon a sale of the instrument guaranteed, it has always been regarded as a mere incident of the contract of sale, and therefore an original contract of the guarantor on his own account. This was decided by us in *Thomas v. Dodge*, 8 *Mich.* 51, where a reference is made to some other similar decisions.

There is no foundation for any argument which would bring the guaranty of the mortgage within the statute relating to lands. It does not in any way affect the title to land, nor does it raise or affect any trust, power or authority, in or over the land mortgaged. It is simply an undertaking that certain facts exist, and if inserted in a deed of conveyance would be but a personal covenant, which would not run with the land.

The Court erred in excluding the testimony. The judgment should be reversed, and a new trial granted.

MARTIN CH. J. concurred with CAMPBELL J.

CHRISTIANCY J., did not sit in this case.

*Judgment reversed.*