## George H. Clark v. Cyrus Roberts and another.

*Promissory note: Guarantor.* Where an agent of another for the sale of property, who has agreed not to sell for credit, except to those who are good and responsible, and to take no paper but good, first-class collectible paper, and such as he is willing to guarantee, takes paper he knows to be worthless and turns it over to his employer, who is ignorant of its character, he makes himself liable as guarantor of the paper; and he is not entitled to have the paper returned to him as a condition precedent to judgment against him on such guaranty.

*Heard January 13. Decided April 9.*

Error to St. Joseph Circuit.

*H. H. Riley,* for plaintiff in error.

*James H. Lyon,* for defendants in error.

COOLEY, J.

Roberts and Throp, who were plaintiffs below, brought suit against Clark, upon a cause of action growing out of his acting for them as agent in the sale of threshing machines. The third count of their declaration averred that defendant, in consideration that they would receive from him, for and on account of certain sales he had made for them, certain promissory notes made by Barber and Bliss, he, the defendant, undertook and promised that the notes were good. The circuit judge found as facts, that defendant was employed to sell the machines for a commission, and that his instructions from the plaintiffs were, to sell for cash if possible, but if he gave credit for any portion of the price, to do so only to those who were good and responsible, and to take no paper but what was good, first-class paper, and collectible; and defendant assured the plaintiffs, at the time of receiving these instructions, that he would take no paper but what he would be willing to guarantee. The judge further finds, that defendant did take the notes of Barber and Bliss, and pass them over to the plaintiffs, knowing the makers were not responsible, and that plaintiffs had no knowledge on the subject. He therefore held that plaintiffs were entitled to recover.

The Barber and Bliss notes were not returned to the defendant, either before or at the time of the rendition of judgment; and the ground of error relied upon in this court is, that the court erred in declining to hold that this was essential, and that the act of the plaintiffs in retaining the notes was a ratification of the act of the defendant in receiving them.

CLARK v. ROBERTS.

We are of opinion that the circuit judge decided correctly. Had this been a sale made without authority, the proceeds of which the plaintiffs had retained, the defendant might be correct in his position. This, however, is not such a case. The defendant had undoubted authority to sell, and the plaintiffs relied upon his promise that the notes received should be good and collectible. If they were not such, as we understand the arrangement as set forth in the third count and in the judge's finding, the defendant was to stand as guarantor. And if this was his position, he certainly was not entitled to the notes, until he had paid to the plaintiffs the amount due thereon.

The plaintiffs, it appears, offered to deliver up the notes, if defendant would pay the amount; but this he declined to do. We think this was all he had a right to demand, and that, consequently, the judgment was correct, and should be affirmed, with costs.

The other Justices concurred.