## GEORGE W. FRENCH v. NORTON FITCH.

*Statute of frauds—Representations as to value of corporate stock— Evidence.*

1. How. Stat. § 6188, requiring representations concerning the character, etc., of any other person to be in writing, does not apply to representations made by a stockholder in a manufacturing company on the sale of his stock as to its value, though such representations applied as well to the property of the corporation as his own.

2. The price brought by the real estate of a manufacturing corporation on a foreclosure sale, a year after it had suspended business, is no evidence of its value three years before, when the business was in full operation.

Error to Kent. (Montgomery, J.) Argued October 5, 1887. Decided November 10, 1887.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*H. B. Fallass,* for appellant.

*Birney Hoyt,* for plaintiff.

SHERWOOD, J. This suit is an action on the case, to recover damages for fraud and deceit practiced by the

defendant in making sale to the plaintiff of 46 shares of the capital stock of a corporation known as the "Sparta Furniture Company," and also a $1,000 mortgage bond made by the same company. The shares of stock were for $25 each.

The sale was made in the fall of 1883, and the stock was transferred to the plaintiff by the issue of a new certificate dated November 6, 1883, and the bond was indorsed over to the plaintiff at the same time. The stock was sold at its par value, which was $1,150, and the bond at its face value, and was paid for by the plaintiff by conveying to the defendant a house and lot in the village of Rockford at $800, and 200 acres of land in Wexford county at $1,400, and the balance the defendant paid in money.

The representations alleged to have been made by the defendant, and upon which the plaintiff relied when he purchased the stock and bond, were, in substance, as follows:

"That the business of said company was a good, safe, and reliable business; that said business paid big the then previous year, and that there was no reason why said business would not pay better the then next year; that the said business paid a dividend of sixteen per cent. the then previous year, and that it would pay better than that the then next year; that everything was cut down low to get the said dividend of sixteen per cent. for the then previous year; that the only reasons why he wanted to sell said stock and bond was that he was getting old, his health was failing, and that he wanted to go west, to Dakota, where his son was; that the stock was good, and was worth one hundred cents on the dollar, and was worth twenty-five dollars per share; and that the said bond was just as good as gold, and was just as good as wheat in the bin, and was worth one thousand dollars."

The falsity of these representations is averred by the plaintiff, and that the said stock was worthless, and the bond was not worth to exceed $500, and that the consideration paid by the plaintiff for them was obtained through said false representations by fraud and deceit.

The defendant pleaded the general issue, with notice that he would show, on the trial, that the plaintiff misrepresented

to him the value of the house and lot, and the quality and value of the other lands conveyed to him by the plaintiff, and that he would recoup his damages by reason thereof to the amount of $1,000.

The cause was tried by jury before Judge Montgomery in the Kent circuit, and the plaintiff recovered a verdict for $1,150, upon which judgment was entered, and for costs.

Defendant brings error.

The defendant's first, fourteenth, and seventeenth assignments of error relate to the claim of the defendant that no recovery can be had, because the alleged representations were not in writing, as required by statute before a defendant can be charged.

The statute referred to reads as follows:

"No action shall be brought to charge any person upon or by reason of any favorable representation or assurance made concerning the character, conduct, credit, ability, trade, or dealings of any other person, unless such representation or assurance be made in writing, and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized." How. Stat. § 6188.

The statute was never intended to apply to a case like the present. The representations made were as to the value, *then* and *prospective,* of the property of the defendant, and which he was selling to the plaintiff. The fact that the representations made applied as well to the company's property as to the defendant's, cannot affect the defendant's case. *Huntington v. Wellington,* 12 Mich. 10; *Lenheim v. Fay,* 27 Id. 70; *Bush v. Sprague,* 51 Id. 41; *Taylor v. Soper,* 53 Id. 96; *Kryger v. Andrews,* 65 Id. 405.

We have examined all testimony objected to by counsel for defendant, and the rulings of the court relating to the same, and exceptions taken, and now especially notice the following:

The plaintiff and one or two of his witnesses were permitted to testify in regard to the value of the real estate, and

what it sold for upon the foreclosure of a mortgage three years after the plaintiff purchased his stock and bond, for the purpose of showing its value at that time. This was objected to by defendant's counsel on the grounds that it only proved the amount the property brought at auction two or three years after claimed representations were made, and a year after the factory had closed, and the property had greatly depreciated; that the testimony was too remote; that it is irrelevant and immaterial; that, under the circumstances, an estimate of its value at the time queried after would be no evidence of its value three years before.

This exception was well taken. At the time the plaintiff purchased his stock the establishment was in full operation, and had a value easily ascertained; but, when the business of the company had ceased, its value when the stock was purchased could not be measured by the price it brought at a forced auction sale three years thereafter, and without a going business, which was no evidence tending to show its actual value when the manufacturing was in full operation. Upon this question the circuit judge erred in his ruling to the prejudice of the defendant. No other error appears in taking the testimony for which we would be justified in reversing the judgment.

The charge of the court relating to this portion of the testimony was also erroneous for the same reason. It is as follows:

",The price which the property brought at public sale in the spring of 1886, when the company had suspended, is not the true criterion as to the value at that time [meaning when the plaintiff purchased the stock]. The fact may be considered in connection with the evidence, but allowance should be made for the changed condition."

This testimony, in view of all the circumstances, was not admissible in evidence at all, and the court should have rejected it. The charge did not cure the error, but was itself

objectionable. Substantially the court charged there could
be no recovery for the bond, and this was correct.

We find no other error in the refusals to charge or the
charge as given by the court, but for the errors noted the
judgment must be reversed, and a new trial granted.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.