IRA N. BRYANT V. THE ESTATE OF WARREN S. RICH, DECEASED.

*Fraud—Settlement—Survival of action—Statute of frauds—Promise to pay the debt of another.*

1. A mortgagee was induced by the fraudulent representations of the mortgagor to apply as a partial payment upon his mortgage a note and mortgage owned by the mortgagor. Upon the discovery by the mortgagee of the fraud, the mortgagor, in settlement thereof, promised to pay the mortgagee the amount

of the note and mortgage if he failed to collect it by suit, which he agreed to bring upon said note. The suit was brought, but the desired collection was not made. And it is held that the cause of action thus arising against the mortgagor is not based upon the fraud practiced by him, and therefore survives, and is enforcible against his estate.

2. A promise by a debtor, who by means of fraudulent representations has induced the creditor to accept as part payment of his claim a note and mortgage owned by the debtor, that if the creditor fails to collect the note he (the debtor) will pay the creditor the amount of the same, is not within the statute of frauds.

Error to Hillsdale.    (Lane, J.)    Argued January 23, 1895.    Decided February 12, 1895.

Appeal from the disallowance of a claim by commissioners.    The estate brings error.    Affirmed.    The facts are stated in the opinion.

*Watts, Bean & Smith,* for appellant.

*Fellows & Chandler* and *John E. Bird,* for claimant.

LONG, J.  Claimant recovered judgment in the court below, from which the defendant estate appeals.

The account filed by the claimant against the estate was:

To amount included in an indorsement of $1,963.-
96 made on a certain promissory note, with
mortgage collateral, executed by deceased, and de-
livered by him to the claimant, bearing date
July 12, 1890 _____ $288 84
To costs in case of claimant against Debrix Miller,
and expense of the same _____  58 80
To interest _____  34 08

In the statement of the claim it is alleged, substantially, that deceased was indebted to the claimant on a certain note and ·mortgage collateral in the sum of $6,400, and, being desirous of reducing said amount, agreed to turn out to claimant a certain real-estate mortgage, known as

the "Miller mortgage," and, to induce claimant to accept said Miller mortgage and indorse it on said indebtedness, deceased represented that it covered three lots in the city of Hillsdale, each of which was assessed at the sum of $300; that said lots were covered by a prior mortgage, but were worth three times the amount of both mortgages; and that said Miller mortgage was as good as the wheat. It is alleged that claimant, relying upon these representations, took the Miller mortgage, and indorsed the amount of the same on the mortgage and note held by him against the deceased.   Claimant further alleges that said representations were false and fraudulent, which was well known to the deceased; that said lots were not assessed for $300 each, and that said mortgage was wholly worthless, which facts were well known to the deceased when the statements were made as aforesaid.   It is further alleged that, soon after taking said Miller mortgage, claimant ascertained that it was wholly worthless, and that said representations so made by deceased were false, and he immediately went to the deceased, and asked him to make the mortgage good; that deceased then promised claimant that, if he would sue Miller on the note collateral to the mortgage, he (the deceased) would pay the expenses of the suit, and, if claimant failed to collect the amount of said Miller note and mortgage collateral, he (deceased) would pay claimant the amount thereof.   Claimant further alleges that he did bring suit on said note, as he agreed with deceased to do, obtained judgment, and caused execution to be issued thereon, which has been returned unsatisfied.   On the trial, claimant introduced evidence to sustain the charges made.

It is contended by counsel for the estate that the claim made is based upon an alleged fraud of the deceased, and did not survive his death.   It is also contended that, though there was a fraud perpetrated upon the claimant,

the claimant affirmed the transaction, and Miller thereupon became his debtor to the extent of that note and mortgage, and any promise on the part of the deceased to pay the same was a promise to pay the debt of another, and was therefore void, under the statute of frauds.

1. The claimant does not seek to recover for the fraud perpetrated upon him by deceased. He sets up and proves the fraud, not as a ground of action, but for the purpose of showing that a controversy arose over the assignment of the Miller mortgage and note, and the settlement of that controversy, as the consideration for the promise of the deceased to pay to him the amount thereof, on condition that claimant would, in the first instance, attempt to collect of Miller. The claimant performed on his part. He brought suit, failed to recover on the execution, and now seeks to have the promise of the deceased fulfilled. We think the claimant set up a cause of action in the claim made.

The court below charged the jury, substantially, that, if there was no agreement to settle the fraud, no recovery could be had; and that the jury must find that a fraud was charged by the claimant against the deceased, that the deceased understood that the fraud was charged, and that the agreement was made between the parties for the purpose of settling it, or the claimant could not recover. It is true, as claimed by the defendant, that, if the cause of action were for the fraud perpetrated by the deceased upon the claimant, no recovery could be had, as the cause would not survive. *Stebbins v. Dean*, 82 Mich. 385. But, as we have seen, that is not the cause of action. It is the promise of the deceased to settle an amount out of which claimant insists he had been defrauded.

2. This claim is not within the statute of frauds. The promise was not to pay the debt of Miller. If the claimant's contention is true, it was a promise upon the part of

the deceased to pay his own debt. He acknowledged that he had perpetrated a fraud upon the claimant. The claimant demanded that he be made good. Deceased promised to make it good, but first wanted the claimant to try and collect it from Miller, which he promised to do. Claimant failed to collect, and now asks that the amount be paid to him from the estate. The claim is not made that the deceased promised to pay the Miller note and mortgage if the claimant failed to collect of Miller, but it is that he (the deceased) would pay the amount to settle the fraud if the claimant failed to collect of Miller.

It is claimed, however, that the claimant could not have the judgment against Miller, and at the same time have a claim against Mr. Rich. It was held in *Calkins v. Chandler*, 36 Mich. 320, 324, that,—

"Where the third party is himself to receive the benefit for which his promise is exchanged, it is not usually material whether the original debtor remains liable or not."

In *Nelson v. Boynton*, 3 Metc. 396, 402, it was said:

"The rule to be derived from the decisions seems to be this: That cases are not considered as coming within the statute when the party promising has for his object a benefit which he did not before enjoy, accruing immediately to himself; but where the object of the promise is to obtain the release of the person or property of the debtor, or other forbearance or benefit to him, it is within the statute."

This case was cited with approval in *Bice v. Building Co.*, 96 Mich. 24.

Here the promise was not made for the benefit of Miller. It was for the benefit of the deceased. It was made to settle a matter of his own, and clearly is not within the statute of frauds. In fact, the original debt against Rich was never extinguished, by reason of this fraud. *Huntington v. Wellington*, 12 Mich. 10.

Some other questions are raised, but they are not of

importance to the rights of the parties, and will not be discussed.

We find no error in the record, and the judgment will be affirmed.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.