JOHNSTON v. FARMERS' FIRE INSURANCE CO.

1. Fire Insurance—Limitation of Time for Bringing Suit—Amendment of Declaration—New Cause of Action.

A declaration upon a fire-insurance policy requiring action to be commenced within 12 months after loss may be amended after the expiration of that period by averring the performance by the insured of the conditions precedent contained in the policy. Such an amendment does not introduce a new cause of action.

2. Trial—Amendment of Declaration.

Where, upon objection being raised to the introduction of evidence under the declaration, the court announced that he would permit an amendment, and stated of what it should consist, to which plaintiff's counsel assented, it is immaterial that the amendment was not in fact made.

3. Trial—Exclusion of Witnesses From Court-Room.

The exclusion of witnesses from the court-room is a matter within the discretion of the trial court. So *held* where, on the trial of a suit upon a fire-insurance policy, the court permitted plaintiff's assignors to remain, after having made an order excluding witnesses.

4. Fire Insurance—Proof of Value of Property Destroyed.

In an action upon a fire-insurance policy covering certain drug-store fixtures, evidence of the cost and condition of the property several years previous to the fire is admissible if supplemented by proof that it had not since deteriorated in value.

5. Opinion Evidence—Competency of Witness.

    A witness who testifies that he knows very nearly what soda-water fountains are worth is competent to testify as to the value of a fountain with which he is acquainted.

6. Witnesses—Cross-Examination.

    Cross-examination of a witness with reference to his habits is competent in the discretion of the court. So *held* where a witness was questioned in relation to his use of intoxicating liquors.

7. Witnesses—Refreshing Recollection.

    A witness may refresh his memory as to articles comprised in a stock of goods that he formerly owned by referring to *memoranda* made by him from recollection shortly before the trial.

8. Fire Insurance—Proofs of Loss—Inventory.

    An insurance policy provided that in case of fire the insured should forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon, and render a sworn statement to the company, containing, among other things, the cash value of each item of property, and the amount of loss thereon. *Held*, that no inventory was required in case of a total destruction of the property.

9. Fire Insurance—Instructions—Measure of Damages.

    Instructions to the jury examined, and *held* not to be misleading as permitting a recovery for more than the actual value of the property destroyed.

10. Fire Insurance—Loss Payable to Mortgagee—Identity of Incumbrance.

    A fire-insurance policy provided that it should be void if the insured had misrepresented any material fact, or if his interest was not truly stated in the policy, or in case of any false swearing by the insured, or, unless otherwise provided, if the property was or should become incumbered by a chattel mortgage. *Held*, that a policy making the loss, if any, payable to J., as his chattel-mortgage interest might appear, was not invalidated because the mortgage was in fact made to D., the note which it secured having been indorsed to J., who was recognized by all parties to be the owner of the mortgage.

11. Fire Insurance—Misrepresentations by Insured.

    Where a fire-insurance policy describes the property insured as contained in a "corrugated iron clad building," testi-

       106 Mich.—7

mony that the structure was of brick, given in reply to a
query as to whether it was a frame building, is no evi-
dence of misrepresentation by the insured.

Error to Wayne; Hosmer, J.  Submitted June 7, 1895.
Decided July 2, 1895.

*Assumpsit* by Cyrus Johnston against the Farmers'
Fire Insurance Company of York, Pa., upon an insurance
policy.  From a judgment for plaintiff, defendant brings
error.  Affirmed.

*E. T. Wood (Willis G. Clarke,* of counsel), for appellant.

*S. E. Engle,* for appellee.

HOOKER, J.  Upon the trial of this cause the defend-
ant's counsel objected to the introduction of evidence
under the declaration, upon the ground that it failed to
allege the performance of conditions precedent contained
in the policy of insurance upon which the action was
brought.  The court held the declaration to be deficient,
but permitted an amendment, and admitted the testimony
offered.  The policy contained a clause requiring action
to be commenced within 12 months after the fire, and,
this amendment being permitted after the expiration of
that period, it was objected to as stating a cause of action
that was barred by the terms of the policy, and therefore
no more permissible than the introduction by amendment
of a cause of action barred by the statute of limitations,
—a practice condemned by several Michigan cases.  *Gor-
man* v. *Newaygo Circuit Judge,* 27 Mich. 138; *Michigan
Central R. Co.* v. *Kalamazoo Circuit Judge,* 35 Mich. 227;
*Connecticut Fire Ins. Co.* v. *Monroe Circuit Judge,* 77 Mich.
231; *Nugent* v. *Kent Circuit Judge,* 93 Mich. 462.  All of
these cases rest upon the introduction of another and
different cause of action.  When this is not the effect,
there is no obstacle to an amendment.  Here there is
nothing of the kind, the only change in the declaration

being an allegation of performance of the contract theretofore declared upon. *Wilcox* v. *Kassick*, 2 Mich. 165.

It is insisted that the declaration was not in fact amended; but the court permitted the trial to proceed, after stating what the amendment should be, to which counsel for the plaintiff assented. We think this sufficient, as it all appears upon the record.

An order was made excluding witnesses from the court-room, but the court permitted the plaintiff's assignors to remain. This was a matter of discretion. *People* v. *Hall*, 48 Mich. 487; *People* v. *Burns*, 67 Mich. 537.

Part of the property destroyed consisted of counters, shelving, prescription cases, and other fixtures of a drug store, that were constructed for a store in Detroit, from the owners of which the plaintiff's assignors had bought it. Upon plaintiff's undertaking to show that it had not deteriorated in value, he was permitted to prove its condition and value some years before by the owner and the mechanic who made the articles. It is contended that this was error. Evidence of value must usually be confined to a period reasonably near to the time of conversion or destruction, and especially is this so where the property consists of perishable articles, or goods having market values subject to fluctuations. *French* v. *Fitch*, 67 Mich. 492; *Showman* v. *Lee*, 79 Mich. 654. But there is much property that has no settled market value subject to quotation. Furniture, machinery, wagons, and innumerable articles in daily use may be of more intrinsic value than the amounts they would sell for. They cannot always be duplicated in the market, and greater latitude in proving value is permitted than in other cases. These fixtures were property of this class, and it was proper to show the cost and condition, that the jury might determine the reasonable worth at the time and place of their destruction. *Continental Ins. Co.* v. *Horton*, 28 Mich. 173; *Denton* v. *Smith*, 61 Mich. 431; *Ruppel* v. *Manufacturing Co.*, 96 Mich. 455.

The witness Bischoff, who testified that he knew very

near what soda fountains were worth, was competent to express an opinion upon the value of the one in question.

We think it within the discretion of the trial court to permit cross-examination in relation to the habits of a witness.

A former owner of the property destroyed was allowed to testify to the number and kind of shelf bottles sold by him to the plaintiff's assignors, being those subsequently destroyed. He refreshed his memory from a list which he had made from recollection a short time before the trial. This was competent. It is different from a statement of a transaction or conversation, in that it adds nothing to the force of the statement of the witness, and was not claimed to do so.

The policy provided that—

"If fire occur, the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon; and within 60 days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property, the cash value of each item thereof, and the amount of loss thereon," etc.

Proofs of loss upon the blanks of the company were furnished. It is now contended that this requires the insured to furnish an inventory of each item of all property destroyed. We think otherwise, and that the clause has reference to damaged and undamaged property. In this case the property was totally destroyed, and such property is not within the letter of the policy requiring an inventory.

The court instructed the jury that—

"If they have honestly overvalued their property, it will

not defeat insurance, because value is a matter largely of opinion. They will be entitled to recover on those several items what you think they are entitled to recover."

This is the charge as quoted in the brief of counsel, and is a most unfair statement of it. It is apparently intended to convey the impression that the two sentences were consecutive, but in the charge they were not, as will appear from the following correct statement of the charge:

"It is insisted in this case that there was an overvaluation on the part of the Cartwright Brothers. If they have honestly overvalued their property, it will not defeat insurance, because value is a matter largely of opinion; and if they honestly believe, in making their representations in the proof of loss, or at the time of issuing the policy, that the stock was worth—that the stock, fixtures, and soda fountain were worth—the sum for which they were insured, then it will not defeat the recovery. If, however, after the loss, they have attempted to claim a larger sum on those items than they actually believe was due, if they have attempted to claim more than they really knew it was worth,—in other words, if they had been guilty of fraud in that respect,—it will bar their recovery. If you find that they have acted honestly in this regard, they will be entitled to recover on those several items what you think they are entitled to recover; they will be entitled to recover, that is, not exceeding the amount at which they were valued."

There is little excuse for defendant's contention in the face of this charge, or occasion for discussing it further.

The point raised in relation to incumbrances is about as trivial. The policy provides that "loss, if any, payable to Cyrus Johnston, as his chattel-mortgage interest may appear." This mortgage was given to one Dehn, with a promissory note which it secured. It was transferred to Johnston by indorsement of the note. The agent who insured the property was Johnston's brother-in-law, and the evidence of the adjuster shows that Johnston was recognized and understood by all to be the owner of the

mortgage. As to the mortgage of $175, the court excluded the testimony.

Counsel also claim that there was evidence of misrepresentation by the insured. They deduce it from the facts that the policy describes the stock insured as contained in a "corrugated iron-clad building, with steel roof," and that one of the witnesses testified as follows: "*Q.* Mr. Cartwright, what was that, a frame building? *A.* No, a brick building." Discussion is unnecessary.

We see no reason for disturbing the judgment of the circuit court. It will therefore be affirmed.

McGRATH, C. J., LONG and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.