KNAUSS v. MAJOR.

BILLS AND NOTES—SALE—WARRANTY.

> The purchaser of a promissory note under a verbal warranty that it is good, and the maker financially responsible, is not bound to exhaust his legal remedy against the maker before bringing suit for a breach of the warranty.

Error to St. Joseph; Yaple, J. Submitted November 13, 1896.. Decided December 18, 1896.

*Assumpsit* by Levi J. Knauss against Isaac D. Major on a verbal warranty. From a judgment for plaintiff, defendant brings error. Affirmed.

Plaintiff brought suit upon an alleged verbal warranty in the sale of a promissory note. The court instructed the jury as follows:

"If you believe from the evidence that the defendant represented or stated to plaintiff that the note was good and all right, and the maker thereof was financially responsible, and that such statements or representations were made with the intention that the plaintiff should believe it to be true, and plaintiff relied upon such statement, and was thereby induced to take the note, relying upon the representations or statements as a warranty that the note was good and all right, and the maker thereof financially responsible, then such statements and representations would amount to a warranty that the note was good and all right, and the maker thereof financially responsible. To constitute a warranty in this case, however, it is not necessary that the statements or representations, if any were made, should have been intended by the defendant as a warranty. If the representations were explicit and positive that the note was good and all right, and the maker thereof financially responsible, and such representations were not a mere expression of opinion, and the plaintiff understood it as a warranty, and, relying upon it, took the note, the representations would

still have been a warranty, although not so intended by the defendant."

The court further instructed the jury that the plaintiff, in order to recover, must prove (1) that defendant warranted or guaranteed the note to be good, all right, and the maker thereof financially responsible; (2) that he took the note in reliance upon such warranty; and (3) that the note was worthless.   Verdict and judgment were for the plaintiff.

*H. O. Bliss*, for appellant.

*S. M. Constantine*, for appellee.

GRANT, J. (*after stating the facts*).   The defendant contends that the warranty or guaranty was of collection merely, and that plaintiff cannot recover because he has not exhausted his legal remedy by suit against the maker. We cannot concur in this view.   There was testimony on which to base the instruction to the jury.   We think that the case was properly left to them upon the theory of a warranty, and that the plaintiff was under no obligation to prosecute the collection of the note.   *Huntington* v. *Wellington*, 12 Mich. 10; *Clark* v. *Roberts*, 26 Mich. 506; *Taylor* v. *Soper*, 53 Mich. 96.   The representations had no reference to the financial condition of the maker of the note in the future.   They referred to his condition at that time, and were positive that he was then financially responsible, and that the note was then good. They constituted a warranty of the then financial condition of the maker, and, if relied on by plaintiff, entitled him to recover.

Other questions were raised upon the admissibility of evidence and charge of the court, but we find nothing in them important to mention.   The sole issue of fact was whether the representations were made, and this issue was submitted to the jury in a brief and clear charge.

The judgment is affirmed.

The other Justices concurred.