LONG *v.* TAPLIN-RICE-CLERKIN CO.

(Decided February 5, 1931.)

Mr. J. J. McCall, for plaintiff in error.
Mr. M. J. Braucher, for defendant in error.

SHERICK, J. The plaintiff in error C. E. Long, who was the defendant below, seeks a reversal of this cause in this court for certain reasons that will

hereinafter be stated. The Taplin-Rice-Clerkin Company in its petition, as filed in the trial court, sought a recovery as against Long upon a certain consignment account for furnaces. The sum claimed was $1,102.50. To this petition Long made answer and therein set forth that he was entitled to certain credits: First, for damages due to defective condition of the furnaces furnished, which question is in no wise before this court; second, that he is entitled to a credit on two notes, one in the sum of $400 and the other in the sum of $205. These notes were given by one Karl Most to Long.

It is claimed by Long that these notes were indorsed by him and given to the company in payment of that portion of his account, while, on the other hand, the matter of payment is denied, and it is asserted that these notes at the best were received only as conditional payment, and in truth and in fact were received only for collection, so that the main issue that presents itself for this court's consideration is resolved to a question of the law applicable to the state of facts presented. It may be further suggested that the facts disclose that, when these notes became due, the creditor company caused the $400 note to be protested, and that the debtor, Long, admitted that within a week thereafter he received notice of the non-payment of this note from the bank presenting the note or notes for payment.

As a first ground of error it is charged that the trial court improperly permitted the introduction in evidence of the certificate of protest of the larger note, and that this paper was improperly identified. We believe it sufficient to remark that, if there was any error in this respect, such was not decisive of the

issue involved, and, in view of what is hereinafter to be said, this claimed error could not be prejudicial to the rights of Long.

It appears from the record that Long presented six special requests to charge before argument, and we note that the court gave requests Nos. 1 and 2, which stated, in substance, that, if there was an agreement to accept a promissory note as payment on an account, the acceptance of such promissory note constituted payment *pro tanto,* that such would preclude an action upon the original account, and that such an agreement might be implied from the facts and circumstances and acts of the parties that might establish the agreement. We believe that the rule as given in these special requests correctly stated the issue in this case.

Now the plaintiff in error insists, as a second ground of error, that the court erred in its refusal to give his special request No. 3, which is as follows:

"I charge you as a matter of law, that where a creditor receives from his debtor a promissory note of a third person as security for the claim of said debtor, that said creditor is bound to use ordinary care and diligence to collect the amount of said promissory note, and if said creditor fails to use ordinary care and diligence and by reason of said lack of ordinary care and diligence the amount due on said promissory note is lost, the creditor is liable for the amount of said promissory note to said debtor."

In support of this, as a proposition of law applicable to this case, we are directed to 30 Cyc., 1204.

We believe that this requested instruction is defective in two particulars. In the first place, it

must be recognized that this instruction predetermines the fact that the debtor, Long, by the carelessness and laches of the creditor company, has suffered a loss, and we call attention to the fact that the record in this case at no place discloses that the laches or carelessness of the creditor caused the debtor to suffer a loss. It appears that, when these notes were due and payment was refused by the maker, these notes might have been collected, though that is problematical in view of the fact that shortly thereafter Most's affairs were placed in the hands of a receiver.

It is insisted by the debtor, under his theory of payment, that it was the duty of the creditor to cause these notes to be protested, and notice of dishonor given, and to proceed to collect them. We direct attention to the case of *Merrick* v. *Boury & Sons,* 4 Ohio St., page 60, the second proposition of the syllabus, where the burden of proof is therein stated to be upon the debtor to clearly establish the agreement.

Now in the case at bar the jury by its verdict has established the fact to be that these notes were not given in payment, and we are led to the conclusion, inasmuch as the burden of proof as to the agreement is therein held to be upon the debtor, that it likewise follows that the burden was upon the debtor to show that he was damaged by the laches and carelessness of the creditor, as claimed. This he has failed to do.

Returning to the question that charge No. 3, if applicable to this case, is not a complete charge on the law therein stated and requested, we call attention to the case of *Kephart* v. *Butcher,* 17 Iowa, 240,

and the case of *Anderson* v. *Timberlake,* 114 Ala., 377, 22 So., 431, 62 Am. St. Rep., 105. It will be noted from these two cases that such claimed laches on the part of a creditor must have caused loss or damage to the debtor, and that an instruction which pretermits the material inquiry as to whether laches imputed to the creditor works injury to the defendants incorrectly and insufficiently states the law.

It is insisted by the creditor that, due to improper protest and failure of protest as to the second note, and the improper manner of proof of the certificate of protest, these facts in themselves show laches, but, be that as it may, as we understand it, protest or no protest, the debtor would not have been aided thereby or a loss to him avoided.

We believe it is an elemental proposition of the law of negotiable instruments that a failure of protest can in no way release the maker of the instrument, and that protest and notice of dishonor are only given for the purpose of holding the indorsers and guarantors of the paper. Now the only indorsement appearing on the two notes in question is that of the debtor, Long, and it must be remembered that this is not an action upon the notes seeking to charge him as an indorser, but is an action upon a consignment account to charge him with his debt thereon, and, even if he was released as an indorser on these two notes, such fact could not relieve him of his obligation on this account, and, inasmuch as the jury by its verdict determined that these notes were not received by the creditor in payment, but in fact for collection, it was not the duty of the creditor to cause these notes to be protested and notice of dishonor given, or to seek to collect the same. There

might be some question had there been other indorsers or guarantors on this paper, but the fact is not in question.

We would adopt an expression appearing in the case of *Dodge* v. *Stanton, Exr.,* 12 Mich., 408, wherein it was said, in substance, that the creditor was under no obligation to bring suit on the notes, but that, if the debtor desired so to do, he might at any time have paid to the creditor the amount of the notes dishonored and unpaid and thus have obtained possession of the same, and that he might then have taken his own course for their collection. It is therefore the conclusion of this court that instruction No. 3, as requested, was properly refused.

It is also charged that the court erred in its failure to charge the debtor's special requests 4, 5 and 6. Concerning these we think it is only necessary to remark that they pertain to the liability of an indorser upon a promissory note, which we do not think was the law applicable to the issues involved. As abstract propositions they are no doubt correct, but we must again remark that this is not an action seeking to charge the debtor as an indorser upon the paper given to the creditor as security for his account.

These being the only errors pressed in this court, no others have been considered, and for the reasons indicated, the judgment will be affirmed.

*Judgment affirmed.*

LEMERT, P. J., and MONTGOMERY, J., concur.