COKELY v. KELLY-MITCHELL CONSTRUCTION COMPANY

1. CONTRACTS—THIRD PARTY'S PROMISE—NOVATION—PROMISE TO ANSWER—STATUTE OF FRAUDS.

The test whether an oral promise from a third party to the original creditor is within the statute of frauds is usually whether the original debtor remains liable on his undertaking; if the debtor is discharged by the new arrangement, made on sufficient consideration with the third party, the third party may be held on his promise, even though it is not in writing; but if the original debtor remains liable and the third party's promise is only collateral to the debtor's promise, the third party is not liable; however where the third party is himself to receive the benefits for which his promise is given, it is not material whether the original debtor remains liable.

REFERENCES FOR POINTS IN HEADNOTES

[1] 49 Am Jur, Statute of Frauds § 135 *et seq.*
[1, 2] Language used by owner or other person interested in building or constructing contract, importing a promise to pay a subcontractor, materialman, or employee of contractor or subcontractor, or one making advances to him, as a promise to answer for the debt or default of another, 99 ALR 79.
[2] 49 Am Jur, Statute of Frauds § 140.

2. CONTRACTS — THIRD PARTY'S PROMISE — RECEIPT OF BENEFITS —
   STATUTE OF FRAUDS.
      Defendants, who were having a new building built for them,
      were liable to a subcontractor where the defendants, after the
      subcontractor had expressed doubts about the contractor's
      ability to pay, promised to issue a check payable to both the
      contractor and subcontractor and the subcontractor relied on
      defendants' promise and completed the work, because defend-
      ants received the benefits for which their promise was ex-
      changed.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 March 3, 1971, at Lansing. (Docket No. 9689.) Decided April 23, 1971.

Complaint by James C. Cokely against Kelly-Mitchell Construction Company, R.O.C., Inc., and Robert Newbill, Donald Rawley, and Orville Tarrants, for labor and services. Judgment for plaintiff against Newbill and Rawley. Defendants appeal.

Affirmed.

*Rene J. Ortlieb,* for plaintiff.

*Stacey DeCamp,* for defendants.

Before: R. B. BURNS, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

R. B. BURNS, P. J. This is an appeal from a judgment entered for plaintiff after a nonjury trial on a claim for labor and services in the amount of $6,859-.75.

The trial court made the following findings of fact:

Defendants Newbill and Rawley conduct a grocery business. In April of 1968 Newbill and Rawley

contracted with defendant Kelly-Mitchell Construction Company to build an addition and a new building for them. Plaintiff was engaged in the business of installing ceramic tile and terrazzo floors. He entered into a subcontract with Kelly-Mitchell Construction Company to install a terrazzo floor in the building being built by the company for Newbill and Rawley. Plaintiff had doubts about the ability of Kelly-Mitchell Construction Company to pay their debts and he spoke to defendant Newbill who agreed to issue a check payable to both Kelly-Mitchell Construction Company and plaintiff. In reliance upon this promise plaintiff continued and completed the work.

When plaintiff sought payment from Kelly-Mitchell Construction Company he was told that there was no money forthcoming from defendants Newbill and Rawley. Newbill and Rawley claimed that payments by them to the construction company had already resulted in an overpayment and that they were not going to pay any more bills.

The defendant R.O.C., Inc., was formed by Newbill and Rawley and another person to finish the construction, but plaintiff had no dealings with the new corporation.

These findings of fact are supported by the record and are not clearly erroneous.[1]

The trial judge held that defendants Newbill and Rawley were liable to the plaintiff on the theory that Newbill induced plaintiff to provide a substantial enhancement to the property by assuring him that compensation would be forthcoming upon completion of the work and that defendants Newbill and Rawley would be unjustly enriched at the expense of the plaintiff if plaintiff was denied recovery. The trial

---

[1] See GCR 1963, 517.1.

judge further ruled that the plaintiff had never had any dealings with R.O.C., Inc., and that R.O.C., Inc., was not liable.

In *Calkins* v. *Chandler* (1877), 36 Mich 320, 324, 325, Chief Justice COOLEY stated:

"In many cases the test whether a promise is or is not within the statute of frauds is to be found in the fact that the original debtor does or does not remain liable on his undertaking; if he is discharged by a new arrangement made on sufficient consideration, with a third party, this third party may be held on his promise though not in writing; but if the original debtor remains liable and the promise of the third party is only collateral to his, it will in strictness be nothing more than a promise to answer for the other's debt. But where the third party is himself to receive the benefit for which his promise is exchanged, it is not usually material whether the original debtor remains liable or not."

This rule has been followed in a series of cases since that date. *Bice* v. *Marquette Opera-House Building Co.* (1893), 96 Mich 24; *Michigan Slate Company* v. *Iron Range & H. B. R. Co.* (1894), 101 Mich 14; *Bryant* v. *Estate of Rich* (1895), 104 Mich 124; *McLaughlin* v. *Austin* (1895), 104 Mich 489; *Boyer* v. *Soules* (1895), 105 Mich 31; *Durgin* v. *Smith* (1897), 115 Mich 239.

Newbill and Rawley received a direct benefit from the plaintiff and are liable for his bill. The plaintiff did not have any dealings with the R.O.C., Inc., and the R.O.C., Inc., is not liable to the plaintiff.

Affirmed. Costs to plaintiff.

All concurred.